PER CURIAM:
The claimants filed this claim in the amount of $546.92 for water damage to property located in McArthur, Raleigh Count, for a period commencing in July, 1983. Claimants’ property is approximately 300 feet southwest of Route 16, which is a State maintained highway. Claimants allege negligence on the part of respondent for faulty engineering in the construction of the interchange at McArthur with the Interstate 77, also known as the West Virginia Turnpike.
*45 Claimant George Maxey testified that on July 22, 1986, there was a heavy storm and water entered the yard and a storage building. Several items, including a tent, were damaged. The value of these items was estimated to be $199.96.
, During construction of the McArthur Interchange of 1-77, the respondent widened 1-77 from two lanes to four lanes. A tunnel was constructed under the highway adjacent to claimant's property. Claimants experienced excess water on their property after this construction. Mr. Maxey stated that water flows into a mine break. This creates a situation of excess water flowing onto claimants' property.
Thereafter, respondent constructed a ditch from the point where the culvert comes out to the mine break. In August, 1986, respondent also constructed a retaining dam with rocks in an attempt to keep the silt and mud from entering the mine.
Mr. Michael R. Ward, an engineer in Raleigh County for respondent, testified that he is familiar with the specific highway project which is the subject matter of this claim. The West Virginia Turnpike was upgraded from a two-lane highway to a four-lane highway. Prior to and following this project, the water was discharged into an abandoned mine. The same size pipe was used both before and after the project. He stated that here would be a negligible increase in the flow of water onto the claimants property due to another 18-inch pipe installed in the area.
Claimants cannot recover for damages which occurred prior to September 3, 1984. In accordance with West Virginia Code 55-2-12, a claim for damage must have been brought within two years from the date of the damage to the property. This claim was filed on September 3, 1986. The Court, under the provisions of W.Va. Code 14-2-21, does not have jurisdiction over a claim which is not filed within the time specified by the applicable statute of limitations. However, the Court has determined that respondent was made aware of the faulty drainage system and failed to provide a satisfactory remedy. For that reason, the Court is of the opinion that claimants be made an award for water damage to personal property which occurred in 1986. Accordingly, the Court makes an award in the amount of $199.96.
Award of $199.96.